The opinion of the court was delivered by
Breaux, J.
The defendant appeals from a sentence of two years’ imprisonment at hard labor. He is charged with having shot one John Davis with intent to murder.
1. During the trial he objected to the testimony of three witnesses, on the ground that it was hearsay.
The court overruled the objection, admitted the testimony and held that it was part of the res gestee.
To the court’s ruling a bill of exception was reserved.
In the recital of the testimony in this bill there is disagreement between the court and counsel about the facts.
The recitals of counsel are different from those .of the judge.
The latter, under the decisions of this court, will be accepted as correct. State vs. Young, 40 An. 488.
The trial judge, in his recital in the bill of exception, states:
“ The facts related occurred on the spot where the offence was committed; at the same time the parties (witness and accused) were standing from each other a distance of about twenty feet.
*728 The defendant presented a motion for a new trial and another in arrest of judgment.
2. In the former he alleges that the term of court at which he was tried necessarily lapsed, owing to a term of the Court of Appeals fixed by law for the fourth Tuesday of April.
The accused was found guilty prior to that time.
He was sentenced after that date.
He also sets forth that he was not allowed sufficient time to prepare his defence.
3. In the motion in arrest of judgment his counsel alleges that the special jury was summoned for the week beginning April 21, 1880.
That the case was set for trial previous to that time.
It was, in the first place, set to be tried on that day.
When the case was called it was reassigned for trial instanier.
The minutes disclose that the defendant expressed himself as ready to go to trial.
1. The doctrine of res gestee is not reduced to certain rules as to the interval of time between the moment the crime was committed and the declaration.
If it is in certain cases it has no bearing on the case at bar, for the trial judge states in the bill reserved that the declaration was made at the same time.
The facts as presented leave no possible ground for discussion.
The objections were overruled and the testimony admitted as part of the res gestee.
2. The defendant pleads that the court’s term came to an abrupt end on the 21st of April, as the term of the Court of Appeals is fixed, under the law, for the 22d of that month in St. Martin parish.
On the 21st, when the ease was called, the defendant expressed himself as ready for trial.
He took the chances of an acquittal, but instead, he was on that day found guilty.
He was sentenced on the 28th of April.
It may be that the court adjourned from the twenty-first to the twenty-eighth to avoid conflict with the term of the Court of Appeals, or it may be that the latter did not hold a session that term. No evidence was introduced about court terms. The records do not show when the -term of the District Court commenced, nor when it adjourned.
*729 We have no ground to conclude that its terms were fixed to conflict with the terms of the Court of Appeals.
We take notice of the fact that the Court of Appeals holds a term commencing at the time mentioned, but we will not presume that it was in session the day on which the accused was sentenced.
There is no reason why a District Court can not adjourn to a day subsequent to the term of an intervening Court of Appeals.
The objection has already been decided. State vs. Boyd, 38 An. 375.
3. The complaint urged with reference to the haste shown in the trial has no merit, for it is disclosed by the minutes that the “ State and the accused signified that they were ready to go to trial:”
The minutes of a court are evidence of the highest rank, and are conclusive of the facts mentioned.
No objection with reference to any undue haste of the trial was presented before conviction.
Judgment affirmed.